**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ROBERT JAROSCAK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 12-1175-CM |
| ) | |
| **CAROLYN W. COLVIN,**[1] ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff Robert Jaroscak brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's denial of plaintiff's application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1381. This matter is before the court on plaintiff's motion for remand under the sixth sentence of 42 U.S.C. § 405(g) (Doc. 21) and plaintiff's opening brief (Doc. 20). The court denies the motion for remand for lack of good cause. And, finding no error in the Commissioner's analysis, the court affirms the decision of the Commissioner.

**I.      Background**

Plaintiff protectively filed for supplemental security income in 2009. The agency denied his application initially and upon reconsideration, and plaintiff requested a hearing before an administrative law judge ("ALJ"). Plaintiff's request was granted, and plaintiff appeared with an attorney for a hearing before ALJ Stanley R. Hogg on February 18, 2011. At the hearing, the ALJ received testimony from plaintiff.

Thereafter, the ALJ issued a decision on March 21, 2011. He determined that plaintiff has not performed substantial gainful activity since the application date, and that he has severe impairments

---

[1]   Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

-1-

including migraines, history of chronic digestive problems, chronic back pain, hypertension, Hepatitis C, and degenerative joint disease. The ALJ found that plaintiff's impairments do not meet or medically equal the criteria of any listed impairments.

The ALJ considered the evidence and assessed plaintiff's residual functional capacity ("RFC"). He assessed plaintiff with the RFC to perform medium work as defined in 20 C.F.R. 416.967(c) except that he can stand, walk, and sit six hours of an eight hour day. The ALJ determined plaintiff can frequently balance, bend, crouch, kneel, stoop and climb ramps and stairs, ladders, ropes, and scaffolds but only occasionally crawl. He concluded plaintiff must avoid concentrated exposure to chemicals and temperature extremes.

Based on the RFC, the ALJ determined plaintiff is able to perform his past relevant work as a truck driver. He also determined that there are other jobs existing in the national economy that plaintiff is able to perform. The ALJ concluded plaintiff is not disabled within the meaning of the Act and denied plaintiff's application.

Plaintiff sought, but was denied, Appeals Council review of the ALJ's decision. Therefore, that decision became the final decision of the Commissioner. Plaintiff timely filed this case requesting judicial review of the Commissioner's decision. Plaintiff also moves for remand under sentence six of 42 U.S.C. § 405(g) based on new and material evidence.

**II.      Motion for Remand**

**A.  Legal Standard**

Remand under the sixth sentence of 42 U.S.C. § 405(g) is allowed when: (1) the proffered evidence is new and not cumulative, (2) the proffered evidence is material, meaning that it relates to the time period for which benefits were denied and offers a reasonable probability of changing the Commissioner's decision, and (3) the plaintiff demonstrates good cause for the failure to obtain and

incorporate the evidence into the prior proceeding. *Heimerman v. Chater*, 939 F. Supp. 832, 833–34 (D. Kan. 1996) (citing *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)).

### B. Analysis

Plaintiff requests remand under this section for consideration of treatment notes dated January 2012 through January 2013 from his counselor, Marilyn Ediger at Prairie View, and a statement of significant mental limitations signed by Ms. Ediger on January 25, 2013. Plaintiff contends this evidence is new and material because it did not exist at the time of the hearing, relates to the relevant time period, and there is a reasonable probability it would change the Commissioner's decision. He also argues there is good cause for not providing the evidence earlier because Ms. Ediger did not make her diagnosis until May 2012, which was after the Appeals Council denied review.

Even assuming the proffered evidence is new and material, good cause is not established simply because evidence is generated after agency review. A plaintiff demonstrates good cause by providing a reasonable justification for his failure to obtain <u>and</u> incorporate the evidence. *See Heimerman*, 939 F. Supp. at 834 (explaining that "the claimant must show good cause for the failure to <u>obtain and present</u> the evidence at the prior hearing" (emphasis added)). The timing of Ms. Ediger's diagnosis might justify plaintiff's failure to incorporate the proffered evidence during agency review (i.e., he could not submit evidence that did not exist). But this fact does not justify plaintiff's failure to timely obtain the evidence.

Plaintiff did not seek treatment until January 2012. Ms. Ediger explains in her statement that plaintiff is suffering from mental disorders that cause difficulty with social and work functioning. She notes he has been functioning as described "long before he filed his Social Security application in 2009." (Doc. 21-1 at 6.) Despite the alleged duration of his disorders and limitations, plaintiff offers

no explanation for his failure to participate in treatment and obtain a diagnosis earlier.[2] *Id.* at 834

("This court cannot speculate as to plaintiff's justifications and refuses to construct arguments on plaintiff's behalf."). Therefore, he fails to provide a reasonable justification for not acquiring this evidence before agency review ended. Because plaintiff fails to justify his delay in obtaining this evidence, he has not shown good cause. Remand is denied.[3]

### III. Review of Commissioner's Decision

#### A. Legal Standard

Section 405(g) of the Social Security Act allows an individual to seek judicial review of any final decision of the Commissioner made after a hearing to which the individual was a party. The court's role in conducting this review is to determine (1) whether the ALJ applied the correct legal standard, and (2) whether the factual findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g) (stating that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). In completing this review, the court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation and citation omitted).

Under Section 423(d) of the Social Security Act, a person is under a disability when the individual can establish that he is unable to engage in any substantial gainful activity by reason of a physical or mental impairment that is expected to result in death or to last for a continuous period of not less than twelve months. To evaluate disability, the Commissioner uses a five-step sequential process. 20 C.F.R. § 416.920. Step one requires the Commissioner to determine whether the claimant

---

[2] Plaintiff does not identify any change in his financial condition that justifies this delay.

[3] The court also notes that plaintiff was represented by counsel during agency review and that Dr. Jack Araza opined in July 2009 that plaintiff may suffer from a psychiatric condition. At that time, plaintiff did not seek additional treatment or ask for a continuance to investigate possible mental limitations. Instead, he waited until after the ALJ denied his application to seek psychiatric treatment. These facts also weigh against a finding of good cause.

-4-

has engaged in substantial gainful activity. *Id.* Step two requires the Commissioner to determine whether the claimant has a severe medical impairment. *Id.* Step three requires the Commissioner to determine whether the severity of the claimant's impairments meets or equals a listing and the duration requirement. *Id.*

After evaluating steps one through three, the Commissioner assesses the claimant's RFC. The Commissioner then uses the RFC for steps four and five. Step four requires the Commissioner to consider the claimant's RFC and determine whether the claimant can perform past relevant work. *Id.* Step five requires the Commissioner to determine whether—considering the claimant's RFC and vocational factors of age, education and work experience—the claimant is able to perform other work in the economy. *Id.* In steps one through four, the burden is on the claimant. *Williams v. Bowen*, 844 F.2d 748, 751 n.2 (10th Cir. 1988). In step five, however, the burden shifts to the Commissioner. *Id.* at 751.

### B. Analysis

Plaintiff makes three challenges to the Commissioner's decision. **First**, plaintiff argues the ALJ failed to consider all of the evidence in determining whether plaintiff's pain is disabling. The Tenth Circuit has provided a three-part analysis for considering subjective allegations of pain: (1) whether the plaintiff has established the existence of pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the impairment and the plaintiff's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, plaintiff's pain is in fact disabling. *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993) (citations and quotations omitted).

The ALJ resolved parts one and two by finding that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Doc. 10-2 at 24.) He

then moved to part three. Plaintiff contends the ALJ erred at this part because the ALJ failed to consider all of the evidence and, instead, required objective medical evidence to prove plaintiff's assertions of pain. The court disagrees.

In evaluating part three, the ALJ may consider the following non-exhaustive list of factors: the consistency or compatibility of nonmedical testimony with objective medical evidence, the extensiveness of plaintiff's attempts to obtain relief, the frequency of medical contacts, and the nature of daily activities. *See id.* at 1489. Importantly, the ALJ is not required to conduct a formalistic "factor-by-factor recitation of the evidence" so long as he sets forth the specific evidence he relies on in evaluating plaintiff's credibility. *Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) (quoting *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)).

The ALJ considered these factors and did not limit his analysis to objective medical evidence. He noted the inconsistency between plaintiff's testimony and the objective medical evidence. The ALJ explained that plaintiff alleged disability since March 2000 but the medical record contained no evidence establishing the existence of severe impairments before 2007. (Doc. 10-2 at 24.) He also observed that plaintiff's physical examinations revealed occasional symptoms but were primarily unremarkable (*id.*), that the record contained little support for the severity of digestive problems claimed by plaintiff (*id.* at 25), and that a 2007 CT scan of the brain revealed no abnormalities (*id.*).

The ALJ reviewed plaintiff's conservative and minimal treatment to obtain relief. He mentioned that plaintiff took a bulk fiber supplement for his digestive problems but refused referral to a surgeon for his rectal prolapse complaints. (*Id.*) The ALJ also observed that, despite claimed back pain since 1974, plaintiff had not received physical therapy, epidural steroid injections, or chiropractic care for this condition. (*Id.*) The ALJ also discussed plaintiff's activities of daily living and noted

that plaintiff is independent in self-care and in almost all areas of daily activity. (*Id.* at 21.) Based on this analysis, the court finds the ALJ properly evaluated this issue.

**Second**, plaintiff contends the ALJ erred because he found plaintiff's headaches to be severe but did not discuss the frequency or extent to which they interfered with plaintiff's ability to work. Plaintiff is correct that the ALJ considered the headaches to be severe, which indicates that this impairment significantly limits his ability to perform basic work activities. *See* 20 C.F.R 416.920(c) (discussing severe impairments). But the ALJ considered this impairment and any required mental limitations in his RFC analysis.

The ALJ recognized plaintiff alleged a "history of migraines which occur one to five times weekly, associated with nausea, photophobia, and sound sensitivity." (Doc. 10-2 at 24.) But he also noted that plaintiff advised Dr. Lewis that he had experienced migraines since grade school, that at times the recurrence was only once in three weeks, and that medication provides good relief. (*Id.*) Based on this discussion, the ALJ considered plaintiff's headaches and determined no additional limitations were required.[4] *See Fowler v. Astrue*, No. 07-1270-JTM, 2009 WL 722019, at *3 (D. Kan. Mar. 18, 2009) ("Where all of the functions that the ALJ specifically addresses in the RFC were those in which he found a limitation, a court can reasonably believe that those functions that he omitted were those that were not limited."); *see also Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion."). The ALJ's conclusion is supported by the fact that plaintiff—having experienced headaches since grade school—was able to work after completing school despite these headaches.

Plaintiff relies on *Johnson v. Astrue*, No. 07-1310-MLB, 2009 WL 102681 (D. Kan. Jan. 7, 2009), to support his argument. In *Johnson*, the ALJ erred because he found the plaintiff's depression

---

[4] Plaintiff does not suggest any specific limitation that should have been included.

severe at step two but "failed to consider or include any mental limitations in his RFC analysis." *Id.* at *4. Conversely, the ALJ in this case <u>did consider</u> plaintiff's headaches and found they did not result in additional limitations. Therefore, *Johnson* is not persuasive on this point. Plaintiff's second argument fails.

**Third**, plaintiff argues the ALJ improperly considered plaintiff's mental impairments and the opinion evidence. Plaintiff contends the ALJ inconsistently found "no" mental impairment at step two and "some" mental impairment at step four. At step two, the ALJ determined that plaintiff's adjustment disorder and depressed condition, and alleged somatization disorder or somatic type delusional disorder, were non-severe. (Doc. 10-2 at 22–23.) But he did find a severe mental impairment at step two—namely, plaintiff's migraines. Therefore, at step four, the ALJ's acknowledgment of plaintiff's severe "physical and mental impairment" is consistent with his step two determination.

Even if the ALJ was not referring to plaintiff's migraines, the court still does not find an inconsistency. The regulations require the ALJ to determine the severity of plaintiff's alleged mental impairments at step two. 20 C.F.R. § 416.902(a). In defining plaintiff's RFC, the ALJ should consider all medically determinable impairments—both severe and non-severe. 20 C.F.R. § 416.945(a)(2). Based on these regulations, the ALJ properly considered plaintiff's mental impairments at each step.

Plaintiff also attacks the ALJ's review of the opinion evidence and argues the ALJ erred in crediting the opinion of Dr. Lewis over the opinion of Dr. Araza. The ALJ is tasked with weighing the medical opinions. The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner's. *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008) ("[W]e will not reweigh the evidence or substitute our judgment for the Commissioner's." (internal quotation

omitted)); *see Crawford v. Colvin*, No. 12-1406-JWL, 2013 WL 672955, at *5 (D. Kan. Feb. 25, 2013) (rejecting the plaintiff's request for the court to reweigh the opinion evidence). The ALJ reviewed the medical opinions, assigned weight to each, and determined plaintiff is not disabled.[5] Plaintiff, apart from his general disagreement, does not identify any record evidence the ALJ ignored, misinterpreted, or misunderstood. The court cannot reweigh the evidence based solely on plaintiff's disagreement. This argument fails.[6]

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Remand (Doc. 21) is denied.

**IT IS FURTHER ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) affirming the Commissioner's decision.

Dated this 4th day of September, 2013, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> United States District Judge

---

[5] Plaintiff repeatedly argues the ALJ "evaluate[d] the medical data to second-guess a medical specialist." (Doc. 20 at 11.) The court disagrees. The ALJ is responsible for reviewing the evidence and formulating an RFC. That is what the ALJ did in this case. He properly evaluated Dr. Araza's opinion in the context of the record as a whole.

[6] Plaintiff argues "it was unreasonable for the ALJ to assume [plaintiff] was not limited in obtaining treatment by his financial status." (Doc. 20 at 17.) The ALJ acknowledged plaintiff's asserted financial limitations but noted plaintiff had successfully accessed available no and low cost medical resources in the past. The court finds no error.